IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| REGINALD KELLY, | : | HABEAS CORPUS |
|    Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| EZELL BROWN, Sheriff of Newton | : | CIVIL ACTION NO. |
| County, | : | 1:15-CV-3553-WSD-JFK |
| LAYLA ZON, District Attorney, | : | |
| Alcovy Judicial Circuit, | : | |
|    Respondents. | : | |

**UNITED STATES MAGISTRATE JUDGE'S
ORDER AND FINAL REPORT AND RECOMMENDATION**

Petitioner, Reginald Kelly, challenges via 28 U.S.C. § 2241, the constitutionality of his detention in the Newton County Jail. The matter is before the Court on the Petition, as amended [1, 2]; Petitioner's motion to stay state proceedings [4]; Respondent Ezell Brown's answer-response and motion to dismiss [6]; Respondent's Layla Zon's answer-response [7] and motion to dismiss [8]; Petitioner's responses to the motions to dismiss [11, 12]; and Petitioner's motion to expedite [13].

**I.   Background**

Petitioner was charged with certain drug-related crimes in Newton County, and on May 20, 2013, he entered into a negotiated guilty plea to the following five counts: counts one and two for selling cocaine, count three for possessing cocaine with intent

to distribute, count four for possessing a weapon during the commission of a crime, and count six for possessing a weapon as a convicted felon, criminal case number 2008CR2176-2. (R. Index, Tab 65, ECF No. 10-65). On that same day, the Superior Court of Newton County accepted Petitioner's guilty plea and, orally, sentenced him as follows: count one – forty years, to serve twenty and twenty on probation; count two – forty years, to serve twenty and twenty on probation, concurrent with count one; count three – twenty years to serve, concurrent with count one; count four – five years of probation, consecutive to count three;[1] and count six – five years to serve, concurrent with count one. (R. Index, Tab 63 at 15-16, ECF No. 10-63). Also on the same day, the court memorialized that sentence, as stated above, in writing and summarized the sentence as being for a total of forty years. (R. Index, Tab 65).

On June 1, 2013, Petitioner signed a motion to withdraw his guilty plea. (R. Index, Tab 68, ECF No. 10-68). On June 6, 2013, the court issued an Order Correcting Sentence, which stated that Petitioner's total sentence was for "45 years probation." (R. Index, Tab 66, ECF No. 10-66). On June 25, 2013, the court issued an Order Correcting Amendment to Sentence, which stated the total sentence as "45 years

---

[1] The five years of probation would be served consecutively to count three's twenty years to serve.

2

Probation with the first 20 years in confinement." (R. Index, Tab 67, ECF No. 10-67). On July 9, 2013, the court denied Petitioner's motion to withdraw his guilty plea. (R. Index, Tab 69, ECF No. 10-69).

On September 20, 2013, Petitioner filed a state habeas corpus petition in the Superior Court of Washington County, civil action number 13-cv-563. (Resp't Ex. 2, Final Order, ECF No. 9-2). Among other things, Petitioner argued that the trial court improperly denied his motion to withdraw his guilty plea without appointing counsel and holding a hearing. (Id. at 3). On March 13, 2015, the Washington County state habeas court found that Petitioner improperly was denied his right to counsel for his timely motion to withdraw his guilty plea and that the denial of that right was extremely prejudicial because Petitioner's sentence was void. (Id. at 4). The habeas court determined that the sentencing court had impermissibly increased Petitioner's total sentence from forty to forty-five years. (Id.). Thus, the habeas court granted Petitioner's state habeas corpus petition on the grounds that the trial court had improperly denied Petitioner's motion to withdraw his guilty plea without appointing counsel and that Petitioner's sentence was void. (Id. at 5).

On April 8, 2015, the Washington County Court order was filed in the Newton County Superior Court. (R. Index, Tab 72, ECF No. 10-72). On April 17, 2015, the

Newton County Court appointed counsel to represent Petitioner on his motion to withdraw his guilty plea. (R. Index, Tab 73, ECF No. 10-73). On May 7, 2015, Michael Fulcher filed an entry of appearance as Petitioner's counsel. (R. Index, Tab 74, ECF No. 10-74).

In June 2015, Petitioner filed a state habeas corpus petition in the Superior Court of Baldwin County, civil action number 15cv47581. (Resp't Ex. 2, ECF No. 9-2). In that petition, Petitioner sought immediate release because he remained confined although the Washington County Court had found that his sentence was void. (Id. at 5). On September 23, 2015, the Baldwin County Court ordered that Petitioner be released from the Georgia Department of Corrections and returned to Newton County custody for further proceedings and dismissed his petition as moot. (Resp't Ex. 3, ECF No. 9-3). On that same day, the Georgia Department of Corrections discharged Petitioner from its custody. (Pet., Attach., ECF No. 1). Petitioner currently is confined in the Newton County Jail.

Petitioner submitted his instant federal petition, as amended, in October 2015. (Pet.; Am. Pet., ECF No. 2). Petitioner contends that Newton County is unlawfully confining him in violation of the Washington County Court order and the Baldwin County Court order of discharge and that the matter is ripe for federal review. (Pet.

4

¶¶ 1, 2; Am. Pet. ¶¶ 1-6). Petitioner asserts that he was discharged not "remanded" and also asserts that the portion of the Baldwin County Court order that he be detained by Newton County is bogus. (Am. Pet. ¶¶ 3-5).[2] Petitioner moves that this Court stay all state proceedings until his federal petition is resolved. (Mot. to Stay, ECF No. 4).

Respondents move that the action be dismissed for lack of exhaustion in that Petitioner's renewed motion to withdraw his guilty plea is pending in state court and counsel has been appointed to represent Petitioner. (Mot. to Dismiss, ECF No. 6; Resp't Br. at 6, ECF No. 8-1).

In response, Petitioner argues that Respondents responded in an untimely manner and thereby defaulted and that the record is incomplete because it contains no transcript for a hearing in Baldwin County habeas case number 15cv47581.[3] (Pet'r Resp. ¶¶ 1, 3; ECF No. 11). Petitioner asserts that exhaustion is complete because the

---

[2] Petitioner relies on Dean v. Balkcom, 214 Ga. 222, 104 S.E.2d 126 (1958), Sanders v. Mchan, 206 Ga. 155, 56 S.E.2d 281 (1949), and Cummings v. Perry, 194 Ga. 424, 21 S.E.2d 847 (1942), discussed below.

[3] "[D]efault judgment is not contemplated in habeas corpus cases," and Respondents' allegedly untimely responses does not entitle Petitioner to judgment in his favor. See Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987). Further, the court's order in the Baldwin County case provides the Court with sufficient information for resolving this action, and the lack of a transcript is not further addressed.

5

Washington County Court granted him relief by finding that his sentence was void, because the Baldwin County Court again granted relief in the form of discharge, and because the state chose not to appeal either order. (Id. ¶¶ 4-6). Petitioner states that because he was granted relief in both courts there was nothing further that he was required to do to exhaust his state remedies. (Id. ¶ 6). Petitioner asserts that he is not in custody pursuant to a judgment of a state court because his "conviction has been overturned," that he was "discharged from prison[,]" and that he is being illegally held without a detainer. (Pet'r Am. Resp. ¶ 8, ECF No. 12).

## II.  Law and Discussion

Pursuant to 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus on behalf of a person held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law. 28 U.S.C. § 2254(a). A district court, however, may not grant a petition for a writ of habeas corpus unless "(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). To "exhaust state remedies, a petitioner must fairly present every issue

6

raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." Ward v. Hall, 592 F.3d 1144, 1156 (11th Cir. 2010).

Under Georgia law, relied on by Petitioner, an "order or judgment discharging a person in habeas corpus proceedings is conclusive" and a person so discharged cannot be kept in custody. Sanders, 206 Ga. at 155-56, 56 S.E.2d at 282-83 (involving judgment discharging applicant from restraint for the reason that all sentences were void because of the denial of constitutional rights at trial). However, the imposition of an *incorrect sentence*, though null or void, does not invalidate an otherwise valid *conviction*, and the remedy is the imposition of a proper sentence. Heard v. Gill, 204 Ga. 261, 261, 49 S.E.2d 656, 657 (1948); see also Dean, 214 Ga. at 222, 104 S.E.2d at 127 ("A discharge under a writ of habeas corpus, after a plea of guilty by one accused of crime, cannot be granted except in cases where the judgment is absolutely void . . . ." (citation and internal quotation marks omitted)); Cummings, 194 Ga. at 424, 21 S.E.2d at 848 (same). "[A] defendant, after a plea or verdict of guilty, may, when a void sentence has been imposed, be returned before the proper court in order that a legal sentence may be imposed upon him in accordance with law." Heard, 204 Ga. at 261, 49 S.E.2d at 657 (citation and internal quotation marks omitted). "The irregularity in the sentence is not of such a character as to entitle the plaintiff in error

7

to be discharged from custody. He has been lawfully convicted, and he cannot, for the reason that the sentence was * * * irregular, be allowed to escape the penalty which the law declares shall follow his conviction." Id. (citation and internal quotation marks omitted).

Here, exhaustion is lacking because Petitioner is confined in accord with both the Washington and Baldwin County Court orders, which Petitioner did not appeal and which *did not* declare that the judgment against Petitioner was absolutely void or discharge him from all restraint. The Washington County Court made no determination regarding the validity of Petitioner's guilty plea and convictions, as opposed to his sentence, and did not discharge Petitioner from all confinement. The Baldwin County Court ordered that Petitioner be released from the Georgia Department of Corrections and *returned* to Newton County custody for further proceedings. As stated, Petitioner is not being held in violation of either order and he did not appeal either order. Accordingly, it is recommended that the motion to dismiss be granted.

### III.   Certificate of Appealability ("COA")

Under Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Damren v. Florida, 776 F.3d 816, 820 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The undersigned recommends that a COA should be denied because it is not debatable that Petitioner's confinement is in accord with both the Washington County Court's and the Baldwin County Court's orders and that he did not appeal either of those orders. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

9

### IV. Conclusion

For the reasons stated above,

It is **RECOMMENDED** that Respondent Ezell Brown's motion to dismiss [6] and Respondent's Layla Zon's motion to dismiss [8] be **GRANTED**; that this action be **DISMISSED**, without prejudice, for lack of exhaustion; and that a COA be **DENIED**.

**IT IS ORDERED** that Petitioner's motion to stay state proceedings [4] and motion to expedite [13] are **DENIED** as moot.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO ORDERED and RECOMMENDED** this 11th day of January, 2016.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE