IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

REGINALD KELLY,

              Petitioner,

    v.                                        1:15-cv-3553-WSD-JFK

EZELL BROWN, Sheriff of Newton
County, and LAYLA ZON, District
Attorney, Alcovy, Judicial Circuit,

              Respondents.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Final

Report and Recommendation [14] ("R&R"), recommending that Respondent Layla

Zon's Motion to Dismiss Petition for Lack of Exhaustion [8] ("Motion to

Dismiss") be granted, that Respondent Ezell Brown's Motion to Dismiss Habeas

Corpus Petition [6] ("Motion to Dismiss") be granted, that Petitioner Reginald

Kelly's ("Petitioner") Amended Petition for Writ of Habeas Corpus [2] ("Federal

Habeas Petition") be dismissed without prejudice, and that a certificate of

appealability be denied.  Also before the Court are Petitioner's Supplement to

Amended Petition for Writ of Habeas Corpus [22] ("Supplemental Petition"), and

Petitioner's Objections [17] and Amended Objections [20] to the R&R.

## I.   BACKGROUND

### A.   Facts

On May 20, 2013, in the Superior Court of Newton County, Petitioner pled guilty to two counts of selling cocaine, one count of possessing cocaine with intent to distribute, one count of possessing a firearm during the commission of a crime, and one count of possessing a firearm as a convicted felon.  ([10.65]).  The state court sentenced Petitioner to forty (40) years, with the first 20 years to be served in prison, and the remainder to be served on probation.  (Id.).[1]

On June 6, 2013, the state court entered its Order Correcting Sentence, stating that Petitioner's total sentence was "45 years probation."  ([10.66]).  On June 25, 2013, the state court entered its Order Correcting Amendment to Sentence, stating that Petitioner's sentence was "45 years Probation with the first 20 years in confinement."  ([10.67]).

On June 26, 2013, Petitioner filed a motion to withdraw his guilty plea.  ([10.68]).  He asked the court to appoint counsel on his behalf and hold a hearing on his motion.  (Id.).  On July 9, 2013, the court denied Petitioner's motion without appointing counsel or holding a hearing.  ([10.69]; see [9.2]).

---

[1]   The parties do not object to the facts set out in the R&R and, finding no plain error in them, they are adopted.

On September 20, 2013, Petitioner filed, in the Superior Court of Washington County, his Petition for a Writ of Habeas Corpus.  (See [9.2]).  On March 13, 2015, the court granted the petition because (i) the Superior Court of Newton County denied Petitioner his Sixth Amendment right to counsel on his motion to withdraw his guilty plea, and (ii) Petitioner's sentence was void because the Superior Court of Newton County impermissibly increased his sentence from 40 years to 45 years.  (Id.).[2]

On June 25, 2015, Petitioner filed, in the Superior Court of Baldwin County, a further Petition for Writ of Habeas Corpus.  ([9.2]).  In it, Petitioner sought immediate release from prison because the Superior Court of Washington County had found that his sentence was void.  (Id. at 5).  On September 23, 2015, the state habeas court ordered that Petitioner "be released from [the Georgia Department of Corrections' custody] and returned to the custody of Newton County for further proceedings."  ([9.3]).  The Georgia Department of Corrections returned Petitioner to the Newton County jail.  (See [1] at Ex. 2).

On October 13, 2015, Petitioner filed his Federal Habeas Petition, arguing that his confinement in the Newton County jail was unlawful because his sentence

---

[2]     On April 17, 2015, the Superior Court of Newton County appointed the Newton County Public Defender's Office to represent Petitioner on his motion to withdraw his guilty plea.  ([10.73]).

was void and because he was "discharged," rather than remanded, by the Superior Court of Baldwin County.  (Federal Habeas Petition ¶¶ 3-5).[3]  Petitioner claims that his confinement violated the Fourteenth Amendment because "there was not a warrant or detainer pending on him at the time of his discharge, nor is there any pending charges against him now."  (Id. ¶ 3).  Because he was granted relief on his state habeas petitions, Petitioner argues that state "appellate review is not an option" and thus that he exhausted all state court remedies.  (Id. ¶ 6).  On October 20, 2015, the Magistrate Judge ordered [3] Respondents Ezell Brown and Layla Zon (together, "Respondents") to show cause, within thirty (30) days, why Petitioner's Federal Habeas Petition should not be granted.

In late November 2015, Respondents filed their Motions to Dismiss, arguing that the Federal Habeas Petition should be dismissed because Petitioner has not exhausted all of the state court remedies available to challenge his confinement.[4]

In early December 2015, Petitioner filed his responses to Respondents' Motions to Dismiss.[5]  ([11], [12]).  In them, he argues that he exhausted his state

---

[3]      In alleging that he was "discharged," Petitioner apparently means that the state court ordered that he be released from all state confinement.

[4]      Respondent Ezell Brown filed his Motion to Dismiss on November 24, 2016.  Respondent Layla Zon filed her Motion to Dismiss on November 30, 2016.

[5]      Petitioner filed his responses on December 4, 2015, and December 11, 2015.

remedies because the Superior Court of Washington County found that his sentence was void, and the Superior Court of Baldwin County "discharged" him. Because Respondents did not appeal either order, and because he allegedly cannot appeal orders that grant him relief, Petitioner asserts that he satisfies the exhaustion requirement.  (See [11] ¶¶ 4-6).  According to Petitioner, his detention was unlawful because his "conviction has been overturned" and he was "discharged" from prison.  ([12] ¶¶ 6-8).[6]

On January 11, 2016, the Magistrate Judge issued her R&R, recommending that Respondents' Motions to Dismiss be granted, that Petitioner's Federal Habeas Petition be dismissed without prejudice, and that a certificate of appealability be denied.  The Magistrate Judge found that Petitioner failed to exhaust all state court remedies because he did not appeal the court orders on which his confinement was based.

On January 25, 2016, Petitioner filed his Objections to the R&R.  He concedes that he did not appeal the September 23, 2015, order returning Petitioner to Newton County's custody, but asserts that he never received a copy of the order.  ([17] at 5).  He also repeats his argument that Respondents did not appeal the state

---

[6]     Petitioner also argues that Respondents are in default because their Motions to Dismiss are untimely and that the record is incomplete because it does not contain a transcript for one of his state court hearings (See [11] ¶¶ 1, 3; [12] ¶ 2).

court habeas orders, that those decisions are final, that he has been "discharged," and that the Superior Court of Baldwin County impermissibly returned Petitioner to Newton County for further proceedings.  (Id. at 6-8).

On February 18, 2016, Petitioner purported to file Amended Objections to the Magistrate Judge's R&R.  In these objections, Petitioner states that, on December 8, 2015, the Superior Court of Newton County resentenced him to prison on the basis of his guilty plea.  ([20] ¶ 6; see also [18]).  Petitioner states that, on February 3, 2016, he was released from the Newton County jail and incarcerated in the Georgia Diagnostic and Classification Prison.  ([20] ¶¶ 1, 6).

On April 18, 2016, Petitioner purported to file his Supplemental Petition. ([22]).  In it, he again states that he was resentenced on December 8, 2015, and sent to prison on February 3, 2016.  Petitioner seeks relief from this sentence, citing violations of the Fourteenth Amendment and the Double Jeopardy Clause.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S.

1112 (1983).  A district judge "shall make a *de novo* determination of those

portions of the report or specified proposed findings or recommendations to which

objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and

recommendations to which objections have not been asserted, the Court must

conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093,

1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).  In view of Petitioner's

objections, the Court conducts a *de novo* review of the record.

> B.   Analysis

Petitioner's Federal Habeas Petition seeks relief from his confinement in

Newton County jail because his June 25, 2013, sentence was void and because he

was "discharged," rather than remanded, by the Superior Court of Baldwin County.

According to Petitioner, he has since been resentenced, is no longer in the custody

of Newton County jail, and now is incarcerated in the Georgia Diagnostic and

Classification Prison.  Because Petitioner is no longer in the custody of the Newton

County Jail, and is serving a new prison sentence pursuant to an intervening state

court judgment, Petitioner's Federal Habeas Petition is denied as moot.

Petitioner's Supplemental Petition, filed months after the Magistrate Judge

issued her R&R, also is denied for lack of exhaustion.  "An application for a writ

of habeas corpus on behalf of a person in custody pursuant to the judgment of a

State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  To "exhaust state remedies, a petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review."  Ward v. Hall, 592 F.3d 1144, 1156 (11th Cir. 2010) (citing Castille v. Peoples, 489 U.S. 346, 351 (1989)).  The Supplemental Petition purports to challenge the constitutionality of Petitioner's new sentence, but Petitioner has not shown that he has presented this challenge "to the state's highest court, either on direct appeal or on collateral review."  Id.  Plaintiff's Supplemental Petition is denied because Plaintiff has failed to exhaust the remedies available in state court.

C.  Certificate of Appealability

Under Rule 11(a) of the Rules Governing § 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A court may issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

8

> When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court concludes that a COA should be denied because it is not debatable that Petitioner's Federal Habeas Petition is moot or that his Supplemental Petition fails for lack of exhaustion.  Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rules Governing § 2254 Cases in the United States District Courts, Rule 11(a).

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner Reginald Kelly's Amended Petition for Writ of Habeas Corpus [2] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Respondent Ezell Brown's Motion to Dismiss Habeas Corpus Petition [6] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Respondent Layla Zon's Motion to Dismiss Petition for Lack of Exhaustion [8] is **DENIED AS MOOT**.

9

**IT IS FURTHER ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [14] is **MOOT**.

**IT IS FURTHER ORDERED** that Petitioner Reginald Kelly's Objections [17] and Amended Objections [20] to Magistrate Judge Janet F. King's Final Report and Recommendation [14] are **MOOT**.

**IT IS FURTHER ORDERED** that Petitioner Reginald Kelly's Supplement to Amended Petition for Writ of Habeas Corpus [22] is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**SO ORDERED** this 23rd day of May, 2016.

_William S. Duffey_

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE