IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

REGINALD KELLY,

      Petitioner,

v.

EZELL BROWN, Sheriff of Newton County, and LAYLA ZON, District Attorney, Alcovy, Judicial Circuit,

      Defendant.

1:15-cv-3553-WSD

**OPINION AND ORDER**

This matter is before the Court on Petitioner Reginald Kelly's ("Petitioner") Application to Appeal *In Forma Pauperis* [30] ("Application").

## I.  BACKGROUND

On May 20, 2013, in the Superior Court of Newton County, Petitioner pled guilty to two counts of selling cocaine, one count of possessing cocaine with intent to distribute, one count of possessing a firearm during the commission of a crime, and one count of possessing a firearm as a convicted felon.  ([10.65]).  The state court sentenced Petitioner to forty (40) years, with the first twenty (20) years to be served in prison, and the remainder to be served on probation.  (Id.).

On June 6, 2013, the state court entered its Order Correcting Sentence, stating that Petitioner's total sentence was "45 years probation." ([10.66]). On June 25, 2013, the state court entered its Order Correcting Amendment to Sentence, stating that Petitioner's sentence was "45 years Probation with the first 20 years in confinement." ([10.67]).

On June 26, 2013, Petitioner filed a motion to withdraw his guilty plea. ([10.68]). He asked the court to appoint counsel on his behalf and hold a hearing on his motion. (Id.). On July 9, 2013, the court denied Petitioner's motion without appointing counsel or holding a hearing. ([10.69]; see [9.2]).

On September 20, 2013, Petitioner filed, in the Superior Court of Washington County, his Petition for a Writ of Habeas Corpus. (See [9.2]). On March 13, 2015, the state court granted the petition because (i) the Superior Court of Newton County denied Petitioner his Sixth Amendment right to counsel on his motion to withdraw his guilty plea, and (ii) Petitioner's sentence was void because the Superior Court of Newton County impermissibly increased his sentence from forty (40) years to forty-five (45) years. (Id.).[1]

---

[1] On April 17, 2015, the Superior Court of Newton County appointed the Newton County Public Defender's Office to represent Petitioner on his motion to withdraw his guilty plea. ([10.73]).

On June 25, 2015, Petitioner filed, in the Superior Court of Baldwin County, a further Petition for Writ of Habeas Corpus. ([9.2]). In it, Petitioner sought immediate release from prison because the Superior Court of Washington County had found that his sentence was void. (Id. at 5). On September 23, 2015, the state habeas court ordered that Petitioner "be released from [the Georgia Department of Corrections' custody] and returned to the custody of Newton County for further proceedings." ([9.3]). The Georgia Department of Corrections returned Petitioner to the Newton County jail. (See [1] at Ex. 2).

On October 13, 2015, Petitioner filed his federal Amended Petition for Writ of Habeas Corpus Federal Habeas Petition [2] ("Federal Habeas Petition"), arguing that his confinement in the Newton County jail was unlawful because his sentence was void and because he was "discharged," rather than remanded, by the Superior Court of Baldwin County. (Federal Habeas Petition ¶¶ 3-5).[2] Petitioner claimed that his confinement violated the Fourteenth Amendment because "there was not a warrant or detainer pending on him at the time of his discharge, nor is there any pending charges against him now." (Id. ¶ 3). Because he was granted relief on his state habeas petitions, Petitioner argues that state "appellate review is not an

---

[2]   In alleging that he was "discharged," Petitioner apparently meant that the state court ordered that he be released from all state confinement.

option" and thus that he exhausted all state court remedies. (Id. ¶ 6). On October 20, 2015, the Magistrate Judge ordered [3] Respondents Ezell Brown and Layla Zon (together, "Respondents") to show cause, within thirty (30) days, why Petitioner's Federal Habeas Petition should not be granted.

In late November 2015, Respondents filed their Motions to Dismiss [6], [8], arguing that the Federal Habeas Petition should be dismissed because Petitioner did not exhaust all of the state court remedies available to challenge his confinement.[3]

In early December 2015, Petitioner filed his responses to Respondents' Motions to Dismiss. ([11], [12]).[4] In them, he argued that he exhausted his state remedies because the Superior Court of Washington County found that his sentence was void, and the Superior Court of Baldwin County "discharged" him. Because Respondents did not appeal either order, and because he allegedly cannot appeal orders that grant him relief, Petitioner asserted that he satisfied the exhaustion requirement. (See [11] ¶¶ 4-6). According to Petitioner, his detention

---

[3]   Respondent Ezell Brown filed his Motion to Dismiss on November 24, 2016. Respondent Layla Zon filed her Motion to Dismiss on November 30, 2016.

[4]   Petitioner filed his responses on December 4, 2015, and December 11, 2015.

was unlawful because his "conviction has been overturned" and he was "discharged" from prison. ([12] ¶¶ 6-8).

On January 11, 2016, the Magistrate Judge issued her Final Report and Recommendation [14] ("R&R"), recommending that Respondents' Motions to Dismiss be granted, that Petitioner's Federal Habeas Petition be dismissed without prejudice, and that a certificate of appealability be denied. The Magistrate Judge found that Petitioner failed to exhaust all state court remedies because he did not appeal the court orders on which his confinement was based. The Magistrate Judge found further that, contrary to Petitioner's assertion, the state courts had not discharged Petitioner from all confinement.

On January 25, 2016, Petitioner filed his Objections [17] to the R&R. He conceded that he did not appeal the September 23, 2015, order returning Petitioner to Newton County's custody, but asserted that he never received a copy of the order. ([17] at 5). He also repeated his argument that Respondents did not appeal the state court habeas orders, that those decisions are final, that he had been "discharged," and that the Superior Court of Baldwin County impermissibly returned Petitioner to Newton County for further proceedings. (Id. at 6-8).

On February 18, 2016, Petitioner purported to file Amended Objections [20] to the Magistrate Judge's R&R. In these objections, Petitioner stated that, on

5

December 8, 2015, the Superior Court of Newton County resentenced him to prison on the basis of his guilty plea. ([20] ¶ 6; see also [18]). Petitioner stated that, on February 3, 2016, he was released from the Newton County jail and incarcerated in the Georgia Diagnostic and Classification Prison. ([20] ¶¶ 1, 6).

On April 18, 2016, Petitioner purported to file his Supplement to Amendments [22] ("Supplemental Petition"). In it, he again stated that he was resentenced on December 8, 2015, and sent to prison on February 3, 2016. Petitioner sought relief from this sentence, citing violations of the Fourteenth Amendment and the Double Jeopardy Clause.

On May 23, 2016, the Court denied [23] Petitioner's Federal Habeas Petition as moot because he had been resentenced and was no longer confined in Newton County Jail from which he sought relief. Petitioner's Supplemental Petition was denied for lack exhaustion because he failed to challenge the constitutionality of his new sentence at the state level. The Court denied Respondents' Motions to Dismiss as moot, denied Petitioner a certificate of appealability, and found that the R&R and Petitioner's objections to the R&R were moot.

On July 11, 2016, Petitioner filed his Notice of Appeal [25]. On August 12, 2016, Petitioner filed his Application.

**II.    DISCUSSION**

   A.    Legal Standard

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Rule 24 of the Federal Rules of Appellate Procedure. Section 1915 provides, in pertinent part:

> (a) (1) . . . [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[5] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3).

Rule 24 of the Federal Rules of Appellate Procedure provides, in pertinent part:

> (1) . . . [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

---

[5]   The word "prisoner" is a typographical error, and the affidavit requirement applies to all individuals seeking to proceed *in forma pauperis*. <u>Martinez v. Kristi Kleaners, Inc.</u>, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

>    (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
>    (B) claims an entitlement to redress; and
>
>    (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

To prosecute an appeal *in forma pauperis*, a party must show an inability to pay and must bring their appeal in good faith. An appeal may not be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when judged under an objective standard. See Coppedge v. United States, 369 U.S. 438, 445 (1962). An issue is frivolous when it appears that the legal theories are "indisputably meritless." See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam)

(quoting Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990) (per curiam) (internal quotation marks omitted)).  Where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed.  See Cofield v. Ala. Pub. Serv. Comm'n, 936 F.2d 512, 515 (11th Cir. 1991).

The individual seeking to appeal *in forma pauperis* must submit a statement of good faith issues to be appealed.  Fed. R. App. P. 24(a)(1)(C) ("The party must attach an affidavit that . . . states the issues that the party intends to present on appeal.").  A statement of issues to be appealed enables the court to determine whether the appeal would be frivolous or not taken in good faith.  See Howard v. Huntington Nat'l Bank, No. 2:09-cv-251, 2010 WL 4642913, at *3 (S.D. Ohio Nov. 4, 2010) ("The affidavit . . . does not include a statement of the issues he intends to present on appeal, the omission of which is fatal to a Rule 24(a) motion."); Martin v. Gulf States Utils. Co., 221 F. Supp. 757, 760 (W.D. La. 1963) ("The statement of points . . . will . . . enable us to more intelligently determine whether or not the proposed appeal is frivolous, or not made in good faith."  (citations omitted)).

    B.    <u>Analysis</u>

Petitioner here did not submit his statement of good faith issues to be appealed, and his Application therefore is required to be denied.  Fed. R. App. P.

24(a)(1)(C); Howard, 2010 WL 4642913, at *3.  Even if Petitioner had submitted the required statement, his appeal is not "capable of being convincingly argued." Sun, 939 F.2d at 925.  Petitioner's Federal Habeas Petition sought relief from his confinement in Newton County jail because his June 25, 2013, sentence was void and because he was "discharged," rather than remanded, by the Superior Court of Baldwin County.  Petitioner was later resentenced, is no longer in the custody of Newton County jail, and now is incarcerated in the Georgia Diagnostic and Classification Prison.  Because Petitioner is no longer in the custody of the Newton County Jail, and is serving a new prison sentence pursuant to an intervening state court judgment, the Court correctly denied Petitioner's Federal Habeas Petition as moot.

Plaintiff's supplemental Petition was filed three (3) months after the R&R and was properly denied for lack of exhaustion because Petitioner failed to challenge, at the state level, on the grounds now asserted, the constitutionality of his new sentence.  See 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."); see Ward v. Hall, 592 F.3d 1144, 1156 (11th Cir. 2010) (to "exhaust state remedies, a petitioner must fairly present

every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review").[6]  Petitioner's appeal is not taken in good faith, and his Application is required to be denied.[7]

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner Reginald Kelly's Application to Appeal *In Forma Pauperis* [30] is **DENIED**.

**SO ORDERED** this 9th day of September, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[6] Petitioner also failed to exhaust his original grounds because, as the R&R found, Petitioner did not appeal the state court orders on which his confinement was based.  Petitioner further failed to assert, in state court, his double jeopardy and due process claims.  (See, e.g., [9.2]); see Mincey v. Head, 206 F.3d 1106, 1136 (11th Cir. 2000) ("[A] prisoner seeking a writ of habeas corpus vacating his conviction must present all of his grounds for relief in his original petition.").  Finally, Petitioner's assertion that his void sentence required his release from all confinement is mistaken.  Imposition of an incorrect sentence does not invalidate a valid conviction or exempt a convicted individual from detention.  "[A] defendant, after a plea or verdict of guilty, may, when a void sentence has been imposed, be returned before the proper court in order that a legal sentence may be imposed upon him in accordance with law."  Heard v. Gill, 204 Ga. 261, 261 (1948).

[7] Because the Court concludes that the appeal is not taken in good faith, the Court does not reach whether Petitioner has shown an inability to pay the costs of filing an appeal.